**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT A. CHESTRA, | No. 16-15791 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00560-VC |
| v. | |
| RON DAVIS, Warden, individually; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| S. RAMAN, M.D.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted December 20, 2018
San Francisco, California

Before: BOGGS,[**] PAEZ, and OWENS, Circuit Judges.

Robert Chestra appeals the district court's dismissal of his pro se civil-rights

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

complaint. The district court held that Chestra's Eighth Amendment deliberate-indifference claim fell outside of the four-year statute of limitations. We have jurisdiction under 28 U.S.C. § 1291 and we reverse the dismissal and remand.

"We review de novo the district court's dismissal of an action on statute of limitations grounds." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017) (internal citation omitted). "We review de novo the question of when a cause of action accrues and whether a claim is barred by the statute of limitations." *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1127 (9th Cir. 2006) (internal citation omitted). We review for an abuse of discretion the district court's decision to dismiss a complaint with prejudice. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

Section 1983 does not contain a statute of limitations. *See* 42 U.S.C. § 1983. Federal courts determine the statute of limitations for actions brought under section 1983 by looking to the statute of limitations for personal injury actions in the forum state. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir. 2004). In California, there is a two-year statute of limitations for such actions. Cal. Code of Civ. Proc. § 335.1; *Maldonado*, 370 F.3d at 954. Additionally, California Code of Civil Procedure § 352.1(a) grants prisoners serving a "term less than life," a two year "disability" extension on the statute of limitations. Here, both parties agree that Chestra had at most four years

2

to file his section 1983 claim.  The parties dispute whether the claim accrued in October 2013, which is within a two or four year statute of limitations, or in January 2009, which is outside of both possibilities.

As currently crafted, Chestra's complaint is not timely because he does not allege facts supporting his contention that he did not know nor reasonably have reason to know of his injury until October 2013.  *See Gregg*, 870 F.3d at 887.  And, even assuming that the continuing-violation doctrine applies, Chestra does not allege sufficient facts within the statute of limitations to satisfy this doctrine.  "We have noted frequently that the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant."  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (internal quotation marks and citation omitted).  As Chestra did not have a chance to further amend his complaint, we reverse the dismissal and remand to the district court with instructions to grant Chestra another opportunity to amend his complaint.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (noting that courts should not deny leave to amend when they can "conceive of facts" that would render claims viable); *see also Gregg*, 870 F.3d at 889.

REVERSED and REMANDED